DELL, Judge.
Appellants seek reversal of a final judgment, entered after a non-jury trial, denying their claim for specific performance of a real estate contract. We affirm.
The parties had contracted for the purchase and sale of a lot on the intracoastal waterway upon a satisfactory soil test. After the soil test proved unsatisfactory, appellants attempted to negotiate a reduction in the sales price. Appellees took the position that the contract terminated upon the failure of the soil test contingency and appellants’ attempt to negotiate a reduced price. The trial court concluded:
In a light most favorable to the plaintiffs [appellants] the “bluff” was an indication that the soil test was not satisfactory and that the deposit should be refunded. In a light less favorable to the plaintiffs the “bluff” was indicative of “unclean hands” thereby negating the plaintiffs’ entitlement to prove a claim for specific performance which is an equitable remedy to which the plaintiffs must be clearly entitled by standing ready, willing and able to perform their side of the bargain without a “bluff.”
We find sufficient evidence in the record to support the conclusions reached by the trial judge and accordingly we affirm the trial court’s decision in this matter.
AFFIRMED.
HERSEY, C.J., and GUNTHER, J., concur.